**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

ASOOFINE, et al.,

Defendants.

Case No. 25-cv-10080

**Judge Manish S. Shah**

**Magistrate Judge David Weisman**

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") against the fully interactive e-commerce stores operating under the seller aliases ASOOFINE, B&XY, CHENZZI, DILI-STORE, DONGXIHUI, HOME BETTER, JENNY'SHOP, JINDASHANGMAO, KAITAN LIU, LITFUN, PATAYIA-DIRECT, QICE, UNIMAGLIF, VEERMO, VOLLENLACHEN, XAIODRAGONSKY, XIAOXIAO88, and YPNSWP (collectively, the "Seller Aliases"), and Plaintiff having moved for entry of Default against the defendants ASOOFINE, B&XY, CHENZZI, DILI-STORE, DONGXIHUI, HOME BETTER, JENNY'SHOP, JINDASHANGMAO, KAITAN LIU, LITFUN, PATAYIA-DIRECT, QICE, UNIMAGLIF, VEERMO, VOLLENLACHEN, XAIODRAGONSKY, XIAOXIAO88, and YPNSWP (collectively, the "Defaulting Defendants") based on Plaintiff's action for trade dress infringement and violation of the Illinois Uniform Deceptive Trade Practices Act;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated

under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS, by virtue of their default, that Defaulting Defendants have sold products featuring Deckers' trade dress (the "Tasman® Trade Dress"). Examples of the Tasman® Trade Dress are shown below:






This Court further finds that Defaulting Defendants are liable for willful federal trade dress infringement (15 U.S.C. §1125(a)) and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert or participation with them be permanently enjoined and restrained from:

   a. using the Tasman® Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine UGG® Tasman® product or not authorized by Plaintiff to be sold in connection with the Tasman® Trade Dress;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine UGG Tasman® product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Tasman® Trade Dress;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks or trade dress, including the Tasman® Trade Dress, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace

platforms such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers") shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the .

3. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is awarded profits from each of the Defaulting Defendants for the sale of products featuring the Tasman® Trade Dress sold through at least the Defaulting Defendants' Seller Aliases according to the below chart:

| **Defaulting Defendant Seller Aliases** | **Award** |
|---|---|
| ASOOFINE | $641,368.43 |
| B&XY | $2,378.88 |
| chenzzi | $566.92 |
| DILI-STORE | $21,870.41 |
| Dongxihui | $81,115.08 |
| JINDASHANGMAO | $570,192.44 |
| Kaitan Liu | $2,626.87 |
| Litfun | $576,719.64 |
| Patayia-Direct | $15,316.79 |
| Unimaglif | $0 |
| VeerMo | $94,836.26 |
| VOLLENLACHEN | $13,069.27 |
| XAIODRAGONSKY | $520.86 |
| XIAOXIAO88 | $233,360.48 |
| YPNSWP | $25,840.58 |
| HOME BETTER | $222 |
| JENNY'shop | $30 |
| Qice | $170 |

4. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Amazon and Walmart, shall within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases or Defaulting Defendants' e-commerce stores from transferring

or disposing of any funds, up to the above identified profit award, or other of Defaulting Defendants' assets.

5. All monies, up to the above identified profit award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to them by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers shall within seven (7) calendar days:

   a. locate all accounts and funds connected to Defaulting Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information associated with Defaulting Defendants' e-commerce stores and Defaulting Defendants' financial accounts and any e-mail addresses provided for Defaulting Defendants by third parties;

   b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. release all monies, up to the above identified profit award, restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within seven (7) calendar days of receipt of this Order.

7. In the event that Plaintiff identifies any additional e-commerce stores or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

This Court, having determined that there is no just reason for delay, orders that this is a Final Judgment against Defaulting Defendants.

DATED: December 16, 2025

Manish S. Shah
United States District Judge